UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Applicant,<br> v.<br><br>UCBH Holdings, Inc.,<br><br>    Respondent. | Case No. CV 10-80240 MISC WHA<br><br>[~~PROPOSED~~] ORDER GRANTING APPLICATION TO ENFORCE ADMINISTRATIVE SUBPOENA |

   This matter is before the Court on an Application to Enforce Administrative Subpoena filed by the Securities and Exchange Commission ("Commission").  The Commission and the Respondent E. Lynn Schoenmann, Chapter 7 Trustee for the Bankruptcy Estate of UCBH Holdings, Inc., ("the Bankruptcy Trustee") have submitted a Joint Stipulated Request for an Order Enforcing Administrative Subpoena.  The Court has considered the materials submitted by counsel in this matter and for good cause shown, HEREBY ORDERS as follows:

   1. Pursuant to the Joint Stipulated Request submitted by the Commission and the Bankruptcy Trustee, the Court GRANTS the Commission's Application to enforce the subpoena served on UCBH Holdings, Inc. on April 21, 2010.  The Respondent shall comply with the

subpoena within ten business days of the date of this Order by (1) producing to the Commission all responsive documents in her possession or in the possession of her retained professionals in the bankruptcy case, and (2) taking any other reasonable steps to produce responsive documents under the control of the Respondent. Making the documents available to the Commission staff for copying or review constitutes production of documents.

     2.    As provided in the Joint Stipulated Request, the Bankruptcy Trustee shall within two business days exercise her rights as the former client and direct law firm Pillsbury Winthrop Shaw Pittman LLP; the litigation consultants for Pillsbury, Deloitte LLP; and law firm Morrison & Foerster LLP, as professionals and attorneys retained by UCBH Holdings, Inc. to produce responsive documents to the Commission.

     3.    The Court also ORDERS that the production of any materials to the Commission pursuant to this Order that are protected by the attorney-client privilege or work-product protection held by Respondent UCBH Holdings, Inc. does not constitute a waiver of any such privileges or protections by the Respondent. Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged information in response to the subpoena and pursuant to this order does not constitute a waiver in any other Federal or state proceeding.

     4.    This Order does not affect the Commission's rights and obligations with respect to documents it gathers in the course of its investigations, and the Court does not intend to impose any additional duty on the Commission to identify materials protected by a privilege or protection held by UCBH Holdings, Inc. The burden of asserting privilege and taking steps to identify and then preserve the privilege on documents remains with the holder of the privilege. Similarly, this Order does not affect the rights and obligations relating to the Commission's permissible use and possible disclosure of any documents produced by the Respondent.

IT IS SO ORDERED.    The Clerk shall close the file.

Dated: October 18, 2010

_____
Judge William H. Alsup
United Stated District Court